1  JOSEPH MOREHEAD/SBN 45650
   Attorney at Law
2  1155 Pine Street
   San Francisco, CA 94109
3  Telephone No.: (415) 441-1112

4  Attorney for Defendant
   Anthony Evans

FILED

08 JUL 11 PM 1:41

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,          )   Case No. CR 08-0011 JSW
                                   )
              Plaintiff,           )
                                   )   DEFENSE SENTENCING STATEMENT
     vs.                           )
                                   )
ANTHONY EVANS,                     )
                                   )
              Defendant.           )
_____)

1.   <u>The Defendant's Conduct Did Not Endanger The Safety Of The San Francisco Airport</u>.

The presentence report recommends that the base offense level in this case should be calculated at level 18 with an additional 2 points for multiple count adjustments. The defendant is given credit for a 3-point reduction based on his acceptance of responsibility and his entry of plea in a timely manner. The total offense level is set at 17, and the guideline level for a level 17 offense with a criminal history of VI is 51 to 63 months. The presentence report recommends a 57 month term of imprisonment.

The presentence base offense level calculation of 18 is predicated on the premise that the defendant's conduct endangered the safety of a mass transportation facility to wit: The San Francisco Airport. The presentence report recognizes that the defendant's momentary collisions with TSA personnel were "minor" and "unintended", but nevertheless "had the potential to place the traveling public in harm's way." (Presentence Report, pp. 21-22.) The presentence report also concludes that

DEFENSE SENTENCING STATEMENT
CR08-00011 JSW                                                                              1

the defendant's conduct detracted from other safety functions by monopolizing the time and resources of security and law enforcement personnel. (Presentence Report, p.21.)

Both the government and the defense have carefully reviewed the evidence in this case, and both sides agree that the defendant's conduct did not pose an endangerment to the safety of the airport. The security operations of TSA were only momentarily interrupted, and the operations at the airport continued without creating any risk of danger to the airport. The fact that the defendant was pursued by police officers for an extensive foot chase did not endanger the safety of the airport any more than would the pursuit of any person who may have fled from police officers who were attempting to make an arrest. Most of the pursuit of the defendant occurred outside the actual airport terminal and inside the airport garage. No TSA security personnel were involved in the pursuit of the defendant, and there is no evidence to indicate that the security functions of TSA were disrupted for more than a momentary period of time.

The guidelines do not specify what type of conduct poses an endangerment of the safety of a mass transportation facility, but the defense contends that a foot chase of a suspect by police officers cannot be construed as the type of conduct envisioned by the drafters of USSG § 2A5.2(a)(2). The only types of endangering conduct described in the notes to § 2A5.2 are threats with firearms, nuclear weapons or nuclear material, chemical weapons, biological weapons or weapons of mass destruction. Notes to § 2A5.2. Clearly the defendant's conduct is not analogous to these types of threats to the safety of a mass transportation facility.

The cases interpreting the type of conduct constituting reckless endangerment of a mass transportation facility are not particularly applicable to the facts of this case. All of the reported decisions dealing with reckless endangerment as defined by USSG § 2A5.2(a)(2) deal with disruptive conduct on airplanes in flight where almost any type of assaultive or belligerent conduct directed at flight crew members could clearly pose a danger to safety. When an airline passenger assaults a flight attendant causing the pilot to intervene, the safety of the aircraft is jeopardized. United States v. Jenny 7 F.3d 953 (10th Cir. 1993); threats to kill the flight officer or to take the plane down also endanger the safety of the aircraft even if the threats are not acted upon. United States v. Spellman 243 F.Supp.2d 285 C E.D. Pa. 2003) When an airline captain has to leave the cockpit to quell a disturbance caused by

1  a passenger, the flight is endangered since the aircraft is designed to be operated by two pilots. United
2  States v. Guerrero 193 F.Supp.2d 607 (E.D.N.Y. 2002). In each of these cases, a § 2A5.2(a)(2)
3  enhancement was appropriate since the safety of the aircraft and its passengers was put at risk by the
4  reckless conduct of the defendants.

5  There is no question that the conduct of the defendant in this case interfered with the ability of
6  airport security personnel to perform their security duties and for this reason a base offense level of 10
7  is appropriate pursuant to USSG § 2A2.4. Since there was some physical contact with TSA personnel,
8  a 2-point upward adjustment is authorized under §2A2.4(b)(1). But the defense contends that even
9  though the defendant temporarily disrupted security personnel in the performance of their duties, he did
10 not endanger the safety of the airport.

11 There are no reported decisions directly deciding whether USSG § 2A5.2(a)(2) applies to a
12 situation where a defendant flees on foot from an airport security zone. However, there are decisions
13 which apply to analogous situations where suspects attempting to evade custody by fleeing from
14 federal agents are charged with recklessly endangering safety pursuant to USSG § 3C1.2. In these
15 types of cases, the reported decisions have uniformly held that mere flight alone is insufficient to
16 establish reckless endangerment. The Ninth Circuit has dealt directly with the question of reckless
17 endangerment under § 3C1.2 in the cases of United States vs. Reyes-Oseguera 106 F.3d 1481 (9th Cir.
18 1997) and United States v. Torres-Lopez 13 F.3d 1308 (9th Cir. 1994). In each of these cases, the Ninth
19 Circuit held that a suspect's attempt to flee on foot from federal agents could not justify an
20 enhancement for reckless endangerment. The Torres-Lopez decision cautioned courts against the use
21 of a reckless endangerment enhancement in cases of flight from authorities unless there was clear
22 evidence that such flight actually endangered the safety of others. The Reyes-Oseguera decision
23 specifically held that "instinctive flight alone" would not support a reckless endangerment
24 enhancement:

25 > [W]e believe the record is insufficient to support a finding of reckless
> endangerment Reyes-Oseguera's flight alone will not support the
26 > enhancement nor will the armed agent's pursuit...
>                                             Reyes-Oseguera, Id., 1484.
27

28 The flight of the defendant in this case is quite similar to the flight of the defendants in the

DEFENSE SENTENCING STATEMENT
CR08-00011 JSW                                                                                             3

1  Torres-Lopez and Reyes-Oseguera cases and there is no evidence that the safety of the San Francisco
2  Airport was endangered by his attempt to evade arrest. For this reason, the defense respectfully
3  requests the Court to reject the presentence recommendation of the USSG § 2A5.2(a)(2) enhancement
4  and to impose the sentence ranger agreed to be both defense and the government.

## CONCLUSION

6  For the foregoing reasons, the defendant urges the court to impose the 30-month sentence of
7  imprisonment agreed to by the parties in the plea agreement.

9  Dated: July 10, 2008

JOSEPH MOREHEAD
Attorney for Defendant Anthony Evans

DEFENSE SENTENCING STATEMENT
CR08-00011 JSW                                                                                  4

# PROOF OF SERVICE BY MAIL

I hereby certify that I am a citizen of the United States, that I am employed in the office of a member of the Bar of this Court at whose direction the service was made; that I am over the age of 18, and employed in the City and County of San Francisco, State of California.. My business address is 1155 Pine Street, San Francisco, California, 94109. I am not a party to the within entitled action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 11, 2008, at my place of business, **DEFENSE SENTENCING STATEMENT** was placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid, addressed to the following individuals; and that envelope was placed for collection and mailing on that date following ordinary business practices.

OWEN MARTIKAN
ASSISTANT UNITED STATES ATTORNEY
U.S. DEPARTMENT OF JUSTICE
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE, BOX 36055
SAN FRANCISCO, CA 94102-3495

CHERYL L. SIMONE
U.S. PROBATION OFFICER
450 GOLDEN GATE AVENUE, SUITE 17-6884
SAN FRANCISCO, CA 94102-3487

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed at San Francisco, California, on the date shown below.

Date: __July 11, 2008__         _____
                                Darlene J. Clark

PROOF OF SERVICE
U.S.A. vs. Evans/CR08-0011 JSW                                           1