JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

OWEN P. MARTIKAN (CSBN 177104)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7241
    Facsimile: (415) 436-7234
    owen.martikan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY EVANS, <br><br> Defendant. | No. CR 08-0011 JSW <br><br> THE UNITED STATES' SENTENCING MEMORANDUM <br><br> Date: July 24, 2008 <br> Time: 2:30pm <br> Place: Courtroom 2, 17th Floor |

**INTRODUCTION**

Defendant Anthony Evans entered guilty pleas to three counts of a four-count indictment on May 5, 2008. The Court accepted Evans' plea and scheduled sentencing for July 24, 2008. Evans' guilty plea was pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B). The purpose of this sentencing memorandum is to address a substantial difference in the calculation of the applicable sentencing guidelines range that has arisen between the parties and the Probation Department. The Probation Department recommends a sentence of 57 months, which is 27 months longer than the parties' proposed sentence of 30 months imprisonment.

**THE OFFENSE, CHARGES, AND PLEA AGREEMENT**

Defendant Anthony Evans was arrested at the San Francisco International Airport after presenting fraudulent identification to TSA security screeners, and then attempting to run away from a San Francisco police officer. While running away, Evans ran into two TSA security screeners, knocking one of them to the ground. This incident was captured by a TSA security video, a copy of which is attached hereto for the Court's reference.

The grand jury charged Evans in a four-count indictment with two counts of interference with the duties of an airport security screener, in violation of 49 U.S.C. § 46503, one count of use of a false document, in violation of 18 U.S.C. § 1001(a)(3), and one count of attempted entry into a secure area of an airport, in violation of 18 U.S.C. § 1036. This last violation is a misdemeanor, the others are felonies.

Under a plea agreement pursuant to Fed. R. Crim P. 11(c)(1)(A) & (B), Evans agreed to plead guilty to counts one through three of the indictment, and the United States agreed to dismiss count four. The parties also agreed that Evans' criminal history category was VI, and that his offense level was 12, resulting in a sentencing guidelines range of 30-37 months. The United States agreed to recommend a sentence at the low end of this range.

In the plea agreement, the parties calculated the sentencing range by applying U.S.S.G. §2A5.2(a)(3), which cross-references the applicable assault guideline, and which the parties agreed was §2A2.4 (Obstructing or Impeding Officers). This guideline provides a base offense level of 10, which is enhanced by three levels if the offense involved physical contact. The parties agreed that the offense level should be further increased by one point for multiple counts, and then decreased by two points for acceptance of responsibility, resulting in an offense level of 12.

**THE PROBATION DEPARTMENT'S GUIDELINES CALCULATION**

In its Presentence Investigation Report, the Probation Department begins at the same guideline provision as the parties, §2A5.2(a), but chooses subsection (2) rather than (3). Under subsection (2), which applies if the offense involved "recklessly endangering the safety of (A) an airport or an aircraft; or (B) a mass transportation facility or a mass transportation vehicle," the

base offense level is 18.  The Probation Department increased the base offense level by 2 points for multiple counts, and then subtracted three points for acceptance of responsibility, resulting in an offense level of 17, which for a defendant in Criminal History Category VI results in a guidelines range of 51-63 months.  The Probation Department recommended a 57-month sentence, which is in the middle of this range.

## WHY THE PARTIES' PROPOSED GUIDELINES RANGE IS CORRECT

The Court should accept the parties' proposed guidelines calculation over that proposed by the Probation Department for the following reasons.  First, the facts do not support the conclusion that Evans' offense "endangered the safety of an airport."  Evans' conduct is more appropriately addressed through the assault guidelines, as set forth in §2A5.2(a)(3).  Second, a one-point enhancement for multiple counts is more appropriate here than the two-point enhancement that the Probation Department proposes.

### A.  Evans Did Not Recklessly Endanger the Safety of an Airport.

The offense conduct that is relevant to the Court's calculation of a guidelines range here is that Evans ran from a police officer who was questioning him about a fraudulent driver's license, and that while doing so he ran into two TSA security screeners, knocking one of them down.  This conduct clearly constituted an assault, and clearly interfered with the TSA security screeners' duties, but it would be an exaggeration to conclude that conduct in such a limited space and that occurred so quickly endangered the safety of the entire airport.

In several cases where the courts have applied this guideline, they have done so in the context of much more egregious conduct that directly endangered the safety of the airport or aircraft. Most recently, the Eleventh Circuit applied this guideline in *United States v. Lamons*, ___ F.3d ___, 2008 WL 2609709 (11th Cir. July 3, 2008), in which the defendant – who was a flight attendant for ATA Airlines – called in a bomb threat to an airport gate, set fire to an airplane filled with passengers just before takeoff.  The fire caused the plane to make an emergency landing.  *Id*. at *1-3.  The district court applied U.S.S.G. §2A5.2(a)(1), and the Eleventh Circuit affirmed, finding that the district court did not clearly err in finding that phoning in a bomb threat and setting fire to an airplane preparing for takeoff endangered the safety of the

aircraft.

The Ninth Circuit has addressed the guideline for endangering the safety of an aircraft in one decision that is instructive here, and which involved conduct that posed a direct threat to the safety of an aircraft. In *United States v. Gonzalez*, 492 F.3d 1031, 1032 (9th Cir. 2007), the Ninth Circuit stated that the defendant's conduct reduced an airplane's flight cabin to "total chaos." The defendant became hysterical after the plane took off, threatened to blow the plane up, walked down the aisle of the plane opening luggage bins and removing luggage, and had to be subdued by numerous passengers, who essentially fought with him in the aisle while the plane was airborne. *Id*. at 1032-33. Some passengers believed that the defendant wanted to open an emergency exit door, and began screaming and crying. *Id*.

The Ninth Circuit found that the guideline clearly applied because the defendant's "irresponsible statements, threats and conduct easily qualified as reckless endangerment to the safety of an aircraft" within the meaning of that guideline. *Id*. at 1035. More generally, the Court concluded that "diversion of the aircraft, behavior that instills fear and terror in the other passengers or the flight crew, and threats that could result in harm to the aircraft are sufficient, depending on the combination of circumstances, to constitute reckless endangerment of the safety of the aircraft." *Id*. at 1037.

In this case, the context for Evans' conduct is an airport, not an aircraft. And without minimizing the inappropriate nature of his conduct, there is no evidence that he endangered the safety of the airport. If anything, he endangered the safety of the two TSA screeners whom he assaulted and some other people in the area, but not to the degree that his conduct could be considered as having endangered the safety of the entire airport. The best evidence of the effect of Evans' conduct on the airport as a whole is the security video that shows the entire offense. Evans assaulted the two screeners and ran away in a matter of seconds, and the operation of the security checkpoint resumed almost immediately. There is no evidence that anyone felt as if the safety of the airport was in danger, and there is no evidence that Evans instilled "fear and terror" in others, made threats, or otherwise had an effect comparable to that contemplated by the Ninth Circuit in *Gonzalez*.

CR 08-0011 JSW                                    4

In contrast, the guideline pertaining to assault on a federal official with physical contact undeniably applies to this situation. Evans admits that he assaulted two TSA security screeners and made physical contact with them. The Court should conclude that this guideline – §2A2.4 – and not §2A5.2(a)(2), applies to the offense conduct in this case.

**B.     The Court Should Group Counts One and Two.**

A second difference between the parties' calculation of the applicable guidelines range and the Probation Department's calculation concerns the enhancement for multiple counts. The Probation Department does not group Counts One and Two, while the parties do. The Probation Department's proposed two-point enhancement would add three months to Evans' guidelines range as the parties have calculated it.

As a technical matter, the Probation Department's calculation is correct: Counts One and Two involved two separate victims, so they are ordinarily not grouped. However, the guideline involved in Counts One and Two is not listed in the grouping rule at §3D1.2(d). As a result, that guideline provides that grouping "may or may not be appropriate," and that "a case-by-case determination must be made based upon the facts of the case" and the applicable guidelines at issue. In this case, while Evans did assault two individuals, he did so virtually simultaneously while trying to escape from police. As the security video shows, the two assaults were effectively part of the same act or transaction. This case is different from a case in which a defendant assaults one individual, and then assaults another individual at a different time or place. Although Evans is clearly criminally liable for both assaults, they should be grouped for sentencing purposes under the facts of this case.

///
///
///
///
///
///
///

USA'S SENTENCING MEMORANDUM
CR 08-0011 JSW                     5

**CONCLUSION**

The United States believes that the parties have correctly calculated the guidelines range applicable to this case, and that the Court should follow the sentencing recommendation set forth in the parties' plea agreement.

DATED: July 17, 2008            Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


          /s/ Owen Martikan
OWEN P. MARTIKAN
Assistant United States Attorney

| | |
|---|---|
| 1 | JOSEPH P. RUSSONIELLO (CABN 44332)<br>United States Attorney |
| 2 | |
| 3 | BRIAN J. STRETCH (CABN 163973)<br>Chief, Criminal Division |
| 4 | OWEN P. MARTIKAN (CSBN 177104)<br>Assistant United States Attorneys |
| 5 | |
| 6 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102<br>Telephone: (415) 436-7241 |
| 7 | Facsimile: (415) 436-7234<br>owen.martikan@usdoj.gov |
| 8 | |
| 9 | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 08-0011 JSW | |
| Plaintiff, | ) | | |
| | ) | **THE UNITED STATES' SENTENCING** | |
| v. | ) | **MEMORANDUM** | |
| | ) | | |
| ANTHONY EVANS, | ) | **EXHIBIT 1** | |
| Defendant. | ) | | |

**MANUAL FILING NOTIFICATION**

Regarding:

This filing is in paper or physical form only, and is being maintained in the case file in the Clerk's Office.

If you are a participant on this case, this filing will be served in hard-copy shortly.

For information on retrieving this filing directly from the Court, please see the Court's main Web Site at http://www.cand.uscourt.gov under Frequently Asked Questions (FAQ).

///

UNITED STATES' SENTENCING MEMORANDUM
CR 08-0011 JSW

1  This filing was not filed for the following reasons:

2  [  ] Voluminous Document (PDF file size larger than the efiling system allows)

3  [  ] Unable to Scan Documents

4  [  ] Physical Object (description):_____

5  [ x ] Non-Graphic/ Text Computer File (audio, video, etc.) on CD or other media

6  [  ] Item Under Seal

7  [  ] Conformance with the Judicial Conference Privacy Policy (General Order 53)

8  [  ] Other (description):_____

11 DATED: July 17, 2008                    Respectfully submitted,
                                           JOSEPH P. RUSSONIELLO
12                                         United States Attorney

14                                              /s/   Owen Martikan
                                           OWEN P. MARTIKAN
15                                         Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM
CR 08-0011 JSW                                2