UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0011 JSW |
| Plaintiff, | ORDER REGARDING MATERIAL WITNESS WARRANT AND EFFECT |
| v. | OF A SUBPOENA |
| ANTHONY EVANS, | |
| Defendant. | |

**INTRODUCTION**

Anthony Evans has been charged in a supervised release petition with conduct that includes violating state battery laws by striking Lataya Robinson, the mother of his child. The undersigned held a preliminary hearing on June 3, 2013. The government issued a subpoena for Ms. Robinson to appear at the preliminary hearing, left it at her door, and had calls with her where she agreed to appear, but she did not appear. The court found probable cause at the preliminary hearing even without Ms. Robinson's testimony.

The case is set for a hearing before the district court on June 19, 2013, at 9 a.m. Given the procedural history, the government asked for an order to show cause to secure Ms. Robinson's appearance. *See* Application, ECF No. 47. The court issues this order that may accompany any subpoena that the government serves on Ms. Robinson. The subpoena and the accompanying order – if served on Ms. Robinson – are orders for her appearance at the hearing set for

ORDER (CR 08 11 JSW)

1  Wednesday, June 19, 2013, at 9:30 a.m. before the Honorable Jeffrey S. White, Courtroom 11,
2  450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102.  Failure to appear as
3  ordered by a properly-served subpoena and this order may result in the consequences set forth in
4  this order.

## STATEMENT

As the government's declaration (filed in the electronic docket) establishes, the probation officer personally attempted to serve the subpoena on May 30, 2013, no one was at home, and he left it at her door.  Declaration of Octavio Magana at ¶ 4.  Probation Officer Octavio Magana learned that San Francisco Police Officer Brian Hopkins called Ms. Robinson's cell phone on May 31, 2013.  *Id.* ¶ 5.  Robinson told Hopkins that she had the subpoena and would appear at the hearing.  *Id.*  U.S. Attorney Victim/Witness Coordinator Maureen French also called Ms. Robinson's cell phone and spoke to her on May 31, 2013, and Ms. Robinson told her that she would appear.  *Id.* ¶ 6.   Ms.  Robinson did not appear at the preliminary hearing on June 3, 2013.  Officer Hopkins and Victim/Witness Coordinator Patrick Balizan made "numerous" calls to Ms. Robinson's cell phone that went unanswered or were answered by either someone who professed not to know who Ms. Robinson was or someone who said that Ms. Robinson was unavailable.  *Id.* ¶ 7.  Mr. Magana has continued to try to contact Ms. Robinson in person and by phone, without any success.  *Id.* ¶ 8.

## ANALYSIS

Under all of the circumstances, including Ms. Robinson's acknowledgment that she received the subpoena, the two phone conversations where she said that she would attend the June 3 hearing, and the numerous calls and efforts by the government to contact Ms. Robinson, the undersigned finds it appropriate to issue this order regarding the effect of a served subpoena and a failure to comply with it.

Under 18 U.S.C. § 3144, a court may issue an arrest warrant for a material witness when the government shows that (1) "the testimony of the person is material in a criminal proceeding," and (2) "it may become impracticable to secure the presence of a person by subpoena."  *See also Arnsberg v. United States*, 757 F.2d 971, 975-976 (9th Cir. 1984) (addressing the

ORDER (CR 08 11 JSW)

"impracticable" prong).

Here, the government has established that Ms. Robinson's testimony is material. *See* Petition; Declaration of Octavio Magana. At the same time, it has not yet served her directly, and given the case law, the court is not convinced on this record that it would be impracticable to do so. *See id.* That being said, when it does serve her, that subpoena is a court order that compels Ms. Robinson's appearance. Also, this order serves to notify Ms. Robinson that if she does not comply with the subpoena and the court's order, she can be held in custody for civil contempt for the duration of the proceeding under 28 U.S.C. § 1826(a). Failure to comply with the subpoena and the court's order also could result in the court's finding her in criminal contempt under 18 U.S.C. § 401 and Federal Rule of Criminal Procedure 42, which means that she could face penalties of a fine or imprisonment. The bottom line is that failure to comply with a properly-served subpoena and this court's order may result in an issuance of a warrant for her arrest.

The court issues this order with the contemplation that it be served with a subpoena to Ms. Robinson.

DATED: June 18, 2013

_____
LAUREL BEELER
United States Magistrate Judge

ORDER (CR 08 11 JSW)